

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

RONALD FARSETTI,

    Plaintiff,

v.

                                            Civil Matter No. 1:14CV823 LO/TRJ

COSTCO WHOLESALE CORPORATION d/b/a
COSTCO WHOLESALE 204

    Defendant.

### DEFENDANT'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Costco Wholesale Corporation ("Costco"), by counsel, hereby removes this action from the Circuit Court for Fairfax County, Virginia, to the United States District Court for the Eastern District of Virginia, Alexandria Division. In support of this Notice of Removal, Costco states as follows:

1.     On April 14, 2014, the plaintiff filed a Complaint in the Circuit Court for Fairfax County, Virginia, naming Costco Wholesale Corporation and KIR Fairfax, L.P. *subsidiary of* Kimco Income Operating Partnership, L.P., and/or Kimco Realty Corporation ("Kimco") as co-defendants. A copy of the Complaint, with all other pleadings, process, and orders filed in the Circuit Court for Fairfax County, are attached hereto as Exhibit A.

2.     Costco and Kimco were each served with Complaint on May 13, 2014. *See* Costco's Service Aff. (Ex. A); Kimco's Service Aff. (Ex. A).

3.     Upon information and belief, the plaintiff is, and was at the commencement of this action, a citizen of Washington, D.C.

4. Costco is now, and was at the commencement of this action, a corporation organized and existing under the laws of the State of Washington, with its principle place of business also in the State of Washington.

5. Kimco is now, and was at the commencement of this action, a limited partnership organized and existing under the laws of Virginia, with its general partner a citizen of Virginia. Through the citizenship of its limited partners, Kimco is also a citizen of New York, Maryland, and Connecticut.

6. On June 6, 2014, the plaintiff moved to non-suit Kimco pursuant to Virginia Code Section 8.01-380, and the Circuit Court for Fairfax County entered the order on June 19, 2014. Order (June 19, 2014) (Ex. B).

7. The plaintiff's Complaint contains an *ad damnum* in the amount of three million dollars ($3,000,000.00) for personal injuries he allegedly sustained on June 27, 2012, when a he slipped and fell on a substance on the floor at Costco's Fairfax, Virginia warehouse. *See* Pl.'s Compl. (Ex. A).

8. This action involves a controversy wholly between citizens of different states. There is complete diversity of citizenship, and no defendant is a citizen of the forum state. Further, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Therefore, this Court has original jurisdiction over this action under 28 U.S.C. §1332(a), and this case may be removed to this Court pursuant to 28 U.S.C. §1441(a).

9. Costco seeks the removal of this action to this Court pursuant to 28. U.S.C. § 1446(b)(2)(a).

10. Venue is proper in this Court under 28 U.S.C. § 1441(a) because the State court in which this action is pending, the Circuit Court for Fairfax County, is within the Alexandria Division of the United States District Court for the Eastern District of Virginia.

11. Given Kimco's Virginia citizenship, the case stated by the initial pleading was not removable under 28 U.S.C. § 1441(b)(2). Accordingly, pursuant to 28 U.S.C. § 1446(b)(3), this Notice of Removal is filed within thirty days after Costco received, through service or otherwise, a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. The Circuit Court for Fairfax County's June 19, 2014 Order non-suiting Kimco from the present action constitutes such an "order" under 28 U.S.C. § 1446(b)(3). *See* (Ex. B).

12. Pursuant to 28 U.S.C. § 1446(e), Costco has filed its Notice of Removal with this Court and is sending copies of the Notice of Removal to counsel for the plaintiff and to the clerk of the Circuit Court for Fairfax County, Virginia.

13. The undersigned has read this Notice of Removal, and, to the best of the undersigned's knowledge, information and belief, formed after reasonable inquiry, it is well-grounded in fact, warranted by existing law, and is not being presented for any improper purpose.

14. The requirements of the removal statute having been met, Costco's right to remove this action to this Court is absolute.

Respectfully submitted,

COSTCO WHOLESALE CORPORATION d/b/a
COSTCO WHOLESALE 204

By: _____

J. Matthew Haynes, Jr., Esquire (VSB#51007)
Lindsey A. Strachan, Esquire (VSB#84506)
McCandlish Holton, P.C.
1111 East Main Street, Suite 1500
P.O. Box 796
Richmond, Virginia 23218
(804) 775-3100 Telephone
(804) 775-3800 Facsimile
mhaynes@lawmh.com
lstrachan@lawmh.com
*Counsel for Costco Wholesale Corporation d/b/a Costco Wholesale 204*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal was sent via U.S. Mail this 26th day of June, 2014, to the following:

Peter C. DePaolis, Esq., (VSB#034748)
M. Thomas McWeeny, Esq. (VSB#072204)
10300 Eaton Place, Ste. 200
Fairfax, Virginia 22030
(703) 218-4410 - Telephone
(703) 218-4411 - Facsimile
*Counsel for Plaintiff*

J. Matthew Haynes, Jr., Esquire (VSB#51007)
Lindsey A. Strachan, Esquire (VSB#84506)
MCCANDLISH HOLTON, P.C.
1111 East Main Street, Suite 1500
P.O. Box 796
Richmond, Virginia 23218
(804) 775-3100 Telephone
(804) 775-3800 Facsimile
mhaynes@lawmh.com
lstrachan@lawmh.com
*Counsel for Costco Wholesale Corporation d/b/a Costco Wholesale 204*

5